**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ELMA DIAZ-MORALES, | No. 10-70720 |
| Petitioner, | Agency No. A073-043-618 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 8, 2010 [**]

Before: FARRIS, LEAVY, and BYBEE, Circuit Judges.

Elma Diaz-Morales, a native and citizen of Guatemala, petitions pro se for review of the Board of Immigration Appeals decision affirming the immigration judge's denial of her applications for asylum, withholding of removal, and relief under the Convention Against Torture.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

Diaz-Morales contends that she qualified for asylum and withholding relief because the persecution she suffered on account of her refusal to comply with guerilla or military demands was based on her political opinion. Petitioner also contends that she met the standard for CAT relief because she will be tortured due to her resistance to the ORPA guerillas.

Substantial evidence supports the agency's finding that Diaz-Morales failed to establish that she was targeted for harm because of her actual or imputed political opinion, or failed to establish a nexus to any other protected ground. *See Sangha v. INS*, 103 F.3d 1482, 1487 (9th Cir. 1997) (persecution by anti-government guerillas may not "from that fact alone be presumed to be 'on account of' political opinion"). Because Diaz-Morales did not establish a nexus to a protected ground, petitioner's asylum claim fails. *See INS v. Elias-Zacarias*, 502 U.S. 478, 482-83 (1992). Because petitioner did not establish eligibility for asylum, it follows that she did not satisfy the more stringent standard for withholding of removal. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006). Finally, substantial evidence supports the agency's denial of petitioner's request for CAT relief because Diaz-Morales failed to show that it was more likely than not that she will be tortured by or with the acquiescence of the Guatemalan

government.  *See Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008).

**PETITION FOR REVIEW DENIED.**